JOSEPH W. WEST & another *vs.* ALONZO H. MORRIS & others.

The builders of a theatre submitted their claim for work and materials to arbitration. On the day of making the award, a lantern for the front of the theatre had not been completed, and the award did not include the price thereof, and another written agreement was made between the parties in the presence of the arbitrators reciting that the lantern was not completed, and agreeing that the owners of the theatre should pay to the builders the sum which the arbitrators should decide to be due for it, as soon as the arbitrators should find the lantern placed upon the building and order the payment to be made. Shortly afterwards, the owners paid to the builders the sum awarded, which did not include the price of the lantern, and took from them a release under seal "for the balance due on an award of referees for all claims arising under said contract and work on said building, and we do hereby release and discharge the said owners from all claims and demands which we or either of us have against them." The lantern was afterwards finished and put upon the building, and the arbitrators, without any new hearing, awarded that three hundred dollars should be paid therefor. In an action to recover this amount, the judge ruled that the legal effect of the release was to bar the plaintiffs' claim, unless subsequently to its execution it was mutually understood that the lantern was to be completed, put up and paid for. *Held*, after a verdict for the defendants, that the plaintiffs were entitled to a new trial.

CONTRACT. The declaration alleged that the plaintiffs and defendants referred certain matters in relation to a contract for work on the Continental Theatre to arbitrators; and afterwards entered into another agreement, as follows: " Boston, January 30, 1866. In consequence of a lantern not being completed for

the Continental Theatre, which is hardly ready for delivering, it is agreed by the parties to the arbitration in the contract for work that said Morris Brothers & Trowbridge [the defendants] shall pay to said West & Patrick [the plaintiffs] the sum which said reference shall decide to be due the said lantern in connection with said contract as soon as said reference shall find the work and placed upon the building and order such payment to be made;" that the arbitrators referred to were the same to whom the former matters had been submitted; and that they afterwards made an award, (the amount of which the defendants owed to the plaintiffs,) as follows: " We the undersigned, arbitrators on the annexed contract, have duly met the several parties and heard them and their evidence, and report that the lantern has been placed on the Continental Theatre according to contract, and approved by us, and we find that the price of the lantern due from Morris Brothers & Trowbridge to West & Patrick is three hundred dollars, which should be allowed. Said three hundred dollars is now due to West & Patrick. Boston, May 16, 1866."

There was also a count on an account annexed, for three hundred dollars, for one large lantern put on the outside of the Continental Theatre.

The defendants in their answer alleged that on the 19th of February 1866 the plaintiffs and defendants met and made an accord and satisfaction of all claims and demands growing out of the contract for work on the Continental Theatre, and the work done thereon, and the plaintiffs executed and delivered to the defendants a written and sealed release, a copy of which was annexed, dated that day, in which the plaintiffs acknowledged to have received " the balance due on an award of referees, for all claims arising under said contract and work on said building, and we do hereby release and discharge the said Morris Brothers & Trowbridge from all claims and demands which we or either of us have against them, and all suits, costs, &c., are hereby settled and discharged." And the defendants alleged that any claim which could arise under the agreement declared upon, dated January 30, 1866, was thereby released and discharged.

They further alleged that it was an implied condition of the agreement declared upon that the lantern should be completed and put upon the building without delay, and that this was not done until after the execution of the release, and not within a reasonable time ; and also that the award was not valid because the arbitrators did not meet the parties nor hear their evidence.

At the trial in the superior court, before *Lord,* J., the plaintiffs introduced evidence tending to show that in 1865 they agreed in writing with the defendants to furnish the materials and build for them the Continental Theatre ; that before the building was completed it was orally agreed between the parties to change the manner of lighting the outside of the building, by putting one large lantern thereon, instead of a large number of jet lights, as provided in the specifications ; that the plaintiffs thereupon ordered said lantern to be made ; that after the building was completed, the original submission, dated January 26, was made, and the parties were fully heard before the arbitrators and an award made on January 30 ; that at the time of the hearing the lantern was in the hands of the manufacturers, nearly completed ; that the arbitrators, at the suggestion of the defendants' counsel, did not include the price of the lantern in the amount awarded, because the lantern had not been completed and put up ; and that the agreement declared upon was made and executed in the presence of the arbitrators, and it was then understood and agreed that the lantern should be put upon the building as soon as completed, and that it should be completed without delay ; that on the 19th of February following the defendants paid to the plaintiffs the sum awarded, which did not include the price of the lantern ; that said sum was paid before the time fixed by the award, and the plaintiffs executed and delivered to the defendants the release referred to in the defendants' answer ; and that at the time nothing was said about the lantern.

The plaintiffs' evidence tended further to show that they never received any notice that they would not be required to complete and put up the lantern as first agreed ; that on or about the last of March following the lantern was completed, and by the plaintiffs' direction put upon the building, and finished some

time in the middle of April, and immediately afterwards lighted and used by the defendants or their tenants ; that within a few weeks after the lantern was put up the plaintiffs notified the arbitrators thereof, and they, after finding by personal observation and examination that the lantern had been put up, signed the award declared upon, dated May 16 ; that no notice was given to the plaintiffs or defendants of any hearing at that time before said arbitrators, and no hearing was had before them. And one of the arbitrators, called by the defendants, testified that both parties were fully heard in relation to said lantern, under the first submission, and he understood that they were to have no further hearing in relation to the lantern, but were merely to approve the bill therefor, as soon as they should find it had been put upon the building.

The defendants introduced evidence tending to show that they saw the staging erected for the .purpose of putting up the lantern, and knew that the plaintiffs were putting it up; and that they requested some of the persons employed by the tenants of the building to inform the plaintiffs that they should not pay for the lantern if it was put up.

The plaintiffs asked the judge to rule that if, at the time of the execution of the agreement declared upon, it was understood and agreed by the parties thereto that the arbitrators were to pass upon the matter therein submitted to them without any further hearing, then they could recover upon the award ; that it was a question for the jury whether the parties had so agreed or waived a hearing; that on the account annexed it was a question of fact for the jury to find when the contract was made, and what it was, and whether the plaintiffs had any claim against the defendants on account of said lantern at the time of the execution of the release, and whether the plaintiffs had performed their contract in relation thereto, and whether the lantern had been put upon the building with the knowledge and consent of the defendants and without their objection ; that if the lantern was put upon the building with the knowledge and consent of the defendants, and without their objection, then there would be an implied promise to pay the value thereof.

The judge instructed the jury that the plaintiffs could not recover upon the award; that the legal effect of the release put in by the defendants was to bar the plaintiffs' claim; that if, after the release was executed, it was mutually agreed and understood that the lantern was to be put up and paid for, and it was afterwards put up, the plaintiffs could recover; that it was not necessary that a new and independent agreement should be entered into between the parties, but if, subsequently to the release, it was mutually understood that the lantern was to be completed and put up by the plaintiffs and paid for by the defendants, that would entitle the plaintiffs to recover, but not otherwise; and the judge directed the jury, if they found for the defendants, to answer the following questions: 1. Was the lantern put up in a reasonable time? 2. Did the defendants give notice before the lantern was put upon the building that they should not pay for it?

The jury found a verdict for the defendants, and answered the first question in the affirmative and the second in the negative; and the plaintiffs alleged exceptions.

*N. Morse*, for the plaintiffs.

*A. Russ*, for the defendants.

WELLS, J. The plaintiffs rest their claim upon two distinct grounds: first, a written agreement to pay for the lantern, when completed, whatever price should be fixed by certain arbitrators; second, an implied promise arising from the facts of performance and acceptance. The judge before whom the case was tried ruled that the release relied on by the defendants was a bar to the claim, unless the plaintiffs should show that "subsequently to the release it was mutually understood that the lantern was to be completed and put up by the plaintiffs and paid for by the defendants."

This ruling was evidently too strict. A promise to pay might be implied from the circumstances of the performance of the work and the delivery and acceptance of the lantern, without any such mutual understanding that it was to be done and paid for.

Again, assuming that the legal effect of the release was to

discharge the defendants from all obligations arising under the written contract, and from any verbal agreement or understanding; it was a discharge from them only as they then stood, in their executory state. It would not entitle the defendants afterwards to exact the performance of what was then executory; nor to receive it as performance, without any liability on their part to render the stipulated compensation, or its fair value. It does not appear that the parties understood or intended that the release should cut off the arrangement for the completion of the lantern ; and the plaintiffs undoubtedly did not so understand it. If, under such circumstances, the defendants knowingly permitted the plaintiffs to go on and fulfil the contract, without objection or notice to the contrary, and retained the lantern, they cannot refuse to pay for it. They would be presumed to have waived the discharge. The ruling of the court precluded any consideration of the case by the jury in either of these aspects.

But we do not think the claim in suit is embraced in terms, nor that it was intended to be embraced in the release. The instrument is chiefly an acknowledgment of satisfaction, and, as such, is limited to the " balance due on an award ; " which, upon the facts of the case, would exclude this claim. The recital of what that award covered cannot enlarge the application of the satisfaction. The words of release which follow, of " all claims and demands which we or either of us have against them," do not necessarily nor reasonably include an agreement which was still executory on the part of the releasors, and upon which they could have no claim or demand until they should have first fully performed it on their own part. The case finds no release to them of their obligation to perform the work, and no notice that they would not be required to complete it. The ruling that the release was a bar to this claim was therefore erroneous.

The court also ruled that the plaintiffs " could not recover upon the award." The special cause of action was a contract to pay for the lantern, when completed and placed upon the defendants' building, such sum as should be fixed by certain arbitrators. The plaintiffs allege that the parties had already been fully heard upon all matters in controversy, and that it was no*

understood nor intended that there should be any further hearing, but that the determination should be made upon the hearing already had, and upon personal inspection by the arbitrators. If this were so, the award, as made, would be effectual to fix the amount to be paid under the contract, in accordance with its own terms. The writing certainly does not provide for a hearing of the parties. It is, apparently, not an agreement of submission, but a new agreement in relation to matters already submitted and heard, to enable the arbitrators to award presently upon such claims as were already due, and subsequently upon that which required some further act of performance. It is a promise by the defendants to pay when so performed; with a mutual consent to a supplementary award to fix the amount by the personal inspection and valuation of the arbitrators. The jury have found that the lantern was completed and put up within a reasonable time. The amount to be paid for it has been fixed, in the mode provided by the terms of the agreement. All the conditions necessary to a recovery upon the written agreement are thus supplied; and we think that the plaintiffs would be entitled to maintain their action upon the special count. *Exceptions sustained.*